[L. A. No. 86.   Department One.—February 21, 1896.]

# E. B. ROSENBERGER, RESPONDENT, v. PACIFIC COAST RAILWAY COMPANY, APPELLANT.

MASTER AND SERVANT—HIRING FOR ONE YEAR — MONTHLY PAYMENTS—CUSTOM.—Where a clerk was employed for a year by a railroad company at a salary of eighteen hundred dollars, payable in monthly installments of one hundred and fifty dollars per month, neither the fact of payment by the month, nor the custom of the railroad company, or of other railroad companies, to hire by the month can change the contract fixed by the agreement of the parties in their correspondence; though, if the correspondence had not fixed the term of hiring, section 2011 of the Civil Code, as well as the custom, would have made it a hiring by the month.

ID.—DISCHARGE BEFORE EXPIRATION OF TERM—FAILURE TO GIVE BOND—KNOWLEDGE OF USAGE—BURDEN OF PROOF.—Where a clerk, hired for a year, was discharged before the expiration of the term for failure to give a bond, the giving of which was not made an express term of the contract of hiring, he is entitled to recover damages for breach of the contract, unless the defendant sustain the burden of establishing as an affirmative defense, not only the existence of a usage to require a bond, but also that the plaintiff was aware of such usage at the time of the hiring.

ID.—REQUEST FOR BOND—FILING APPLICATION—TERMS OF CONTRACT NOT VARIED.—The mere request for the giving of a bond, after plaintiff had entered upon the duties of his office, and the filling out of a blank application handed to him, in pursuance of such request, did not make the bond one of the terms of the contract, nor vary its terms.

ID.—MEASURE OF DAMAGES FOR DISCHARGE —POSSIBILITY OF OTHER EMPLOYMENT—MITIGATION OF DAMAGES—BURDEN OF PROOF.—The measure of damages for the wrongful discharge of a servant from employment before the expiration of his term is the salary or wages agreed to be paid, unless the defendant sustains the burden of proving that the plaintiff, in the discharge of his duty to seek other employment, could by diligence have obtained employment elsewhere; and whatever compensation may have been received by plaintiff in such employment

must also be shown by the defendant, in mitigation of damages; and the plaintiff is not bound, as a condition of recovery of the agreed salary or wages, to prove that he endeavored to find other employment and failed.

Appeal from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial.   V. A. Gregg, Judge.

The facts are stated in the opinion of the court.

*Wilcoxon & Bouldin,* and *J. M. Wilcoxon,* for Appellant.

To sustain an action for damages for a breach of a contract, the contract must be complete and certain in its terms, and the parties must have consented to the same subject matter in the same sense; and the burden is upon the plaintiff to show that a contract, definite and certain in its terms, was entered into between the parties as a condition of obtaining any relief.   (*Breckenridge* v. *Crocker*, 78 Cal. 529.)   This doctrine is applicable to all contracts.   (*Harvey* v. *Duffey*, 99 Cal. 401, 405.)   A man accustomed to working for railroad corporations all his life has not been diligent in seeking employment, when but one application for service is made, and that to contractors, instead of the railroad authorities.   (*John C. Lewis Co.* v. *Scott*, 95 Ky. 484.)   Where there is a known usage of trade, persons carrying on that trade are held to have contracted in reference to the usage (unless the contrary appears), and the usage forms a part of the contract.   (*Brown* v. *Howard*, 1 Cal. 423; *Taylor* v. *Castle*, 42 Cal. 367; *Auzerais* v. *Naglee*, 74 Cal. 60; *Union Ins. Co.* v. *American Ins. Co.*, 107 Cal. 327; 48 Am. St. Rep. 140.)   In obedience to the instructions of the court, the jury should have found a verdict for the defendant, without reference as to whether the instruction was right or wrong, for which reason it was the duty of the court to set aside the verdict and grant the motion for a new trial.   (*Aguirre* v. *Alexander*, 58 Cal. 21, 30; *Mattingly* v. *Pennie*, 105 Cal. 514; 45 Am. St. Rep. 87, and cases cited.)

*Graves & Graves*, for Respondent.

The plaintiff having been employed for one year at a salary of eighteen hundred dollars, and having been discharged before the expiration of the period of employment, had the right to treat the contract of employment as existing, and sue at each period of payment for the salary due.   (14 Am. & Eng. Ency. of Law, 797, 798; *Webster* v. *Wade*, 19 Cal. 291; 79 Am. Dec. 218; *King* v. *Steiren*, 44 Pa. St. 99; 84 Am. Dec. 419; 2 Greenleaf on Evidence, sec. 261 a, and notes.)   The plaintiff was entitled, *prima facie*, to the stipulated compensation for the whole year, and the burden of proof of seeking employment elsewhere, or plaintiff's ability to obtain employment, or that he did not diligently seek employment, rests on the defendant.   (*King* v. *Steiren*, *supra;* 2 Greenleaf on Evidence, sec. 261 a, and notes.)

THE COURT.—This cause was tried by the court and a jury, the plaintiff had judgment, and the defendant appeals therefrom and from an order denying a new trial.

The plaintiff claimed that he was employed by the defendant as an accountant for the period of one year commencing November 24, 1893, at a salary of eighteen hundred dollars per annum, payable in monthly installments of one hundred and fifty dollars, and that he was discharged without cause March 24, 1894.   This action was commenced July 17, 1894, to recover three months' salary, from March 24 to June 24, 1893, amounting to four hundred and fifty dollars, and for that sum he recovered judgment.

The defense was that the employment was not for any definite time, and that his discharge was justifiable because of his failure to give bond for the faithful discharge of his duties.

Prior to the employment in question plaintiff was employed in a similar capacity in the offices of the Union Pacific Railway at Omaha, and had made an application for employment to the auditor of the Oregon Improve-

ment Company, with which company defendant is con-
nected. C. O. Johnson, defendant's superintendent,
wrote plaintiff November 4, 1893, to know whether he
was still an applicant, and for information as to expe-
rience, salary required, etc. To this letter plaintiff re-
plied, saying, as to salary, that it should be worth
eighteen hundred or two thousand dollars a year. To
this Johnson replied by telegraph, saying: "Yours
ninth. Salary eighteen hundred. Change immediate
if possible. Could probably arrange transportation·
Wire earliest date."

Plaintiff arrived at San Luis Obispo the night of No-
vember 24th, and on the morning of the 25th talked
with Mr. Johnson an hour and a half, but plaintiff was
unable to state with any particularity what was said,
but, as he expressed it: "As near as I can give it, we
arrived at an understanding — to furnish me one year's
employment upon satisfactory performance of my duties
which I had undertaken. . . . . I say, that as near as I
can recollect, we arrived at that understanding."

Mr. Johnson·testified that in this conversation noth-
ing was said as to salary or the term for which he was
employed, but that it related wholly to the duties he was
to perform.

Though plaintiff was paid monthly, up to the time of
his discharge, at the rate of one hundred and fifty dol-
lars per month, the correspondence constituted a hiring
for a year. Section 2010 of the Civil Code provides:
"A servant is presumed to have been hired for such
length of time as the parties adopt for the estimation of
wages. A hiring at a yearly rate is presumed to be for
one year; a hiring at a daily rate, for one day; a hiring
by piecework, for no specified time."

The payment by the month, at the monthly propor-
tion of the yearly rate, would not of itself be sufficient
to change the contract to a hiring by the month; nor
would the custom of the defendant, or of all railroad
companies, to hire by the month convert the contract
created by the correspondence between the parties,

which under the code constituted a contract for a year, into a contract by the month. If the correspondence had not fixed the term for which the plaintiff was hired, section 2011 of the Civil Code, as well as the custom, would have made a hiring by the month. Upon this point the instruction to the jury was right, and the verdict justified by the evidence.

The second defense, viz., the failure of the plaintiff to give a bond for the faithful discharge of his duties, was not established at the trial. This was an affirmative defense, alleged by the defendant in its answer, and, unless established by evidence, would not prevent a recovery by the plaintiff. The appellant does not claim that the giving of a bond was originally made a condition of the employment, or that any reference thereto was made in the correspondence between the parties prior to the hiring, or until after the plaintiff had entered upon the discharge of his duties, but alleged in its answer that there was a general usage among railroad companies to require bonds from those of their employees whose duties require the handling of money, and that the plaintiff was aware of this usage, and contends from this that it entered into and formed a part of the contract of employment. To establish this defense it was, therefore, necessary for the defendant to show, not only the existence of the usage, but also that the plaintiff was aware of its existence at the time of the hiring. The record, however, fails to show that any evidence of this nature was presented to the jury. Mr. Johnson, who was the only witness on the part of the defendant at the trial, testified that the plaintiff was discharged for the reason that he failed to furnish such a bond, but no question was asked him on behalf of the appellant respecting the usage of railroad companies in requiring bonds to be given, or the knowledge of the plaintiff of such usage. Upon his cross-examination, after he had stated that there was no other contract with the plaintiff with reference to the employment than the correspondence which was in evidence, he was

asked what right he had to require him to give a bond, to which he replied: " Because he in his letter showed that he was sufficiently familiar with railroad usage to know the necessity of a bond in connection with his duties." This is the only evidence in the case with reference either to the usage or the knowledge of the plaintiff, and falls far short of establishing either. The letter referred to is entirely silent upon this subject, and gives no ground for inferring either the existence of the usage or the knowledge of the plaintiff.

The request of the plaintiff that he give a bond, which was made by the defendant after he had entered upon his duties, did not make it one of the terms of the employment, nor were those terms varied by the fact that in pursuance of that request he filled out the blank application which was handed him.

The court properly refused the instruction asked by the defendant. While it is the duty of an employee who has been wrongfully discharged to seek other employment, and thus diminish the damages sustained by him, he is not required, as a condition of recovery, to show that he has made such endeavor and failed. The burden is on the defendant to show that he could by diligence have obtained employment elsewhere. Whatever compensation may have been received in such employment is also to be shown by the defendant in mitigation of damages; otherwise the damages will be measured by the salary or wages agreed to be paid. (Sutherland on Damages, sec. 693; *Costigan* v. *Mohawk etc. R. R. Co.*, 2 Denio, 609; 43 Am. Dec. 758; *Howard* v. *Daly*, 61 N. Y. 362; 19 Am. Rep. 285; *Utter* v. *Chapman*, 43 Cal. 279.)

The judgment and order are affirmed.

Hearing in Bank denied.