[Civ. No. 2249. Third Appellate District.—May 24, 1921.]

L. A. PALMER, Appellant, v. A. L. HARLOW, Respondent.

[1] EMPLOYER AND EMPLOYEE — WRONGFUL DISCHARGE — ACTION FOR DAMAGES—PLEADING.—Where a master has wrongfully discharged a servant before the expiration of the period of the time during which the contract, by its terms, is to run, the complaint, in an action *ex delicto* for damages for its breach must show by a direct averment of some character that there was a wrongful discharge, and a statement in the complaint that the defendant has refused to permit the plaintiff to proceed with the performance of the services and has refused to pay plaintiff therefor, while sufficient to entitle the plaintiff to recover so much of his monthly compensation as may then be due, is not sufficient to show that he has been discharged.

[2] ID.—ACTION EX CONTRACTU—SUFFICIENCY OF COMPLAINT.—A complaint in an action *ex contractu* by a servant sufficiently states a cause of action for money due the plaintiff as his salary or compensation for his services under the contract and the rentals which

he was required to pay for the use of a house and of water by reason of the failure of the defendant to live up to the terms, where it alleges that defendant refused to permit to proceed with the services and refused to pay plaintiff therefor and that plaintiff was ready and willing to perform at all times.

[3] ID.—APPLICABILITY OF GENERAL RULES OF PLEADING.—The general rules of pleading in actions for the breach of contracts obtain in actions for the breach of contracts of employment, and the complaint contains the essential elements of a good cause of action *ex contractu* if it shows the making of the contract between the parties and alleges the amount of damages resulting from its breach.

[4] ID.—DIMINISHMENT OF DAMAGE—PLEADING.—The earning and receipt of compensation by a servant for services performed for other persons after his wrongful discharge or after he has been prevented by the master from performing the services under the contract of employment constitutes an element in the measure of damages, for it is the duty of a servant wrongfully discharged to seek other employment and diminish the damage, but the same is a matter of defense, and the plaintiff is not required to plead it.

APPEAL from a judgment of the Superior Court of Siskiyou County. James F. Lodge, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles L. Gilmore for Appellant.

Collier & McNamara for Respondent.

HART, J.—The plaintiff brought this action to recover the aggregate sum of $1,846, alleged to be due him from defendant according to the terms of a certain contract into which, it is alleged, he and the defendant entered on the twenty-fifth day of July, 1918.

The court below sustained a demurrer interposed by defendant to the complaint upon both general and special grounds. The plaintiff refused to amend his complaint, although allowed by the court ten days within which to do so, if so advised, and thereupon judgment by default was entered against plaintiff.

The appeal is from said judgment.

---

4. Other employment in mitigation or reduction of damages for wrongful discharge of servant, note, 6 **L. R. A. (N. S.)** 94.

The complaint alleges: "That heretofore, to wit: on the 16th day of July, 1918, defendant submitted to plaintiff a proposition of contract in words and figures as follows, to wit: 'Proposition to L. A. Palmer. Finish house inspected July 15, 1918, and give house rent and water. Furnish office and instruments and tools. Salary $100 a month. Duties, to attend to all of engineering work now constructed and attend to prospective litigation, etc. Free to attend to consulting work at any time. On any new projects that may be worked up together Harlow to finance and Palmer to receive 25 per cent. of net profits for doing engineering. Agreement to run one year after beginning active work. Renewable at option of both. A. L. Harlow, 7/16/18'; that thereafter, to wit, on the twenty-fifth day of July, 1918, plaintiff accepted the above and foregoing proposition of contract and agreed to its terms by so informing defendants, in person, and plaintiff did then and there offer and ask to enter upon the services of defendant and plaintiff was then and there and ever since has been and now is ready and willing to perform all of the terms and conditions of said contract on his part to be kept and performed; that defendant has failed and neglected to perform the terms and conditions or any of them of said contract upon his part to be kept and performed, and has failed, neglected and refused to pay or cause to be paid to plaintiff the salary set forth in said contract at the rate of one hundred dollars ($100.00) per month, or house rent, or water rentals ever since the 13th day of September, 1918, on which said date defendant paid plaintiff the sum of one hundred dollars . . . as payment of plaintiff's salary for the month ending August 25th, 1918, and defendant still fails and refuses to pay said salary or house rent or water rentals although repeatedly requested by plaintiff so to do; that by reason of the failure, neglect and refusal of defendant to perform the terms and conditions of said contract upon his part to be kept and performed, and because of his refusal so to keep and perform his said terms of contract, plaintiff has been forced to rent other and different premises in which to live than those so promised by defendant, and has been forced to pay water rentals for domestic uses in said rented premises to a total cost of four hundred forty-six dollars . . . ; that no part of said

salary due and payable by defendant from and after the 25th day of August, 1918, to and including the 25th day of October, 1919, and no part of the aforesaid house rent or rentals for water for domestic use in such rented premises from and after the 25th day of July, 1918, to and including the 25th day of October, 1919, has been paid to plaintiff; that no part of said salary, house rent, or water rentals has been paid to plaintiff during any of said months and there still remains due and unpaid under said contract to plaintiff the sum of one thousand eight hundred forty-six dollars.''

The special grounds of demurrer are: ''That said complaint is uncertain in that it does not appear therein, nor can it be ascertained therefrom, whether or not plaintiff was engaged in any employment during the period from the twenty-fifth day of July, 1918, to and including the twenty-fifth day of October, 1919; nor does it appear therein, nor can it be ascertained therefrom, whether or not plaintiff made any effort to obtain employment; that paragraph four of said complaint is uncertain in that it does not appear therein, nor can it be ascertained therefrom, where or in what place plaintiff was forced to rent other and different premises in which to live, as alleged in said paragraph; that said complaint is ambiguous and unintelligible for the same reasons that it is herein alleged to be uncertain.''

The pleaded contract, as one for the employment of the personal services of a person, is not, as to the nature of such services, as explicit as it could have been made; nor does the complaint otherwise furnish any explanation of the exact nature of the services to be performed. It is, however, made clear enough to appear by the complaint that the defendant employed the plaintiff to perform for him certain personal services as an engineer for the period of one year, beginning from the date of the acceptance by plaintiff of said contract of employment (July 25, 1918), and that in return for the services so performed the defendant was to pay the plaintiff the sum of one hundred dollars per month, with house rent and rates for water to be used for domestic purposes free or as a part of the compensation so to be paid plaintiff.

[1] In cases of the character of the one here, where the master has wrongfully discharged the servant before the

expiration of the period of time during which the contract, by its terms, is to run, the complaint, in an action, *ex delicto,* for damages for its breach must show by a direct averment of some character that there was a wrongful discharge of plaintiff by defendant. In such an action, the statement in the complaint that the defendant has refused to permit the plaintiff to proceed with the performance of the services called for by the contract and has refused to pay plaintiff for such services, while undoubtedly sufficient to entitle the plaintiff to recover so much of his monthly compensation as may then be due under the contract, would not be sufficient to show that he had been discharged. (*Stone* v. *Bancroft,* 112 Cal. 652, [44 Pac. 1069] ; *Stone* v. *Bancroft,* 139 Cal. 78, 83, [70 Pac. 1017, 72 Pac. 717] ; *Winsor* v. *Silica Brick Co.,* 31 Cal. App. 85, 89, [159 Pac. 877] ; *Percival* v. *National Drama Corp.,* 181 Cal. 631, 638, [185 Pac. 972].) [2] In the present case, however, the action is upon the contract and was commenced after the expiration of the year during which it was to run; and, while it may be conceded that the complaint would not be accepted as a model pleading, it nevertheless, as against a general demurrer, sufficiently states a cause of action for money due the plaintiff as his salary or compensation for his services under the contract and for the rentals which plaintiff was required to pay for the use of a house and of water by reason of the failure of the defendant to live up to the terms of the contract. It alleges, it will be noted, that the plaintiff accepted the proposition by defendant, that he offered and asked to be permitted to enter upon the performance of the services required by the contract, and that he was at all times ''ready and willing to perform all of the terms and conditions of said contract on his part to be kept and performed,'' but that defendant failed and refused ''to perform the terms and conditions or any of them of said contract on his part to be kept and performed,'' and has refused to pay plaintiff the compensation which by the contract he agreed to pay him, except the salary falling due for the services performed for the first month of the term of the contract. A demurrer upon proper special grounds, pointing out the particulars in which the statement of the facts was insufficient might have brought about an amendment of the complaint whereby the facts pleaded

would have been stated in clearer language; but this is not
to say that the facts, inartificially stated though they are,
are not sufficient to disclose a cause of action for money
due plaintiff under the contract. To the contrary, as above
declared, we think they do constitute a cause of action.
[3] It is well settled that the general rules of pleading
in actions for the breach of contracts obtain in actions for
the breach of contracts of employment. Thus, in an action
upon a contract, the complaint or declaration contains the
essential elements of a good cause of action *ex contractu*
if it shows the making of a contract between the plaintiff
and the defendant, and alleges the amount of damages re-
sulting to the plaintiff from the breach. (9 Cyc. 711.)
And, as stated, this rule can be no less applicable in actions
on contracts of employment than in actions on any other
character of contracts.

As to the special grounds of demurrer set up against
the sufficiency of the statement of the facts pleaded in the
complaint, it will require but little reflection to convince
even the hypercritical that the objections so made are, so
far as the matter of pleading is concerned, devoid of sub-
stantial or, indeed, any real merit.

[4] It is obviously true that the earning and receipt of
compensation by a servant for services performed for other
persons than the defendant after his (the servant's) dis-
charge or after he has been prevented by defendant from
performing the services constitutes an element in the meas-
ure of damages in such a case. (*Seymour* v. *Oelrichs,* 156
Cal. 782, 800, [134 Am. St. Rep. 154, 106 Pac. 88].) It
is also true that it is the duty of a servant wrongfully dis-
charged by his master to seek other employment, and, if
obtaining it, thereby diminish the damages suffered by him
from the act of the employer in wrongfully dismissing him
from his service. But, as above stated, the action here is
upon the contract, and it was sufficient to allege that the
defendant had failed or refused to comply with the terms
of the contract and this is shown here by the averment
that plaintiff was wrongfully prevented by defendant from
performing the services required of him by the contract.
Generally it may be said that the declaration, petition, or
complaint, in an action for wrongful discharge is sufficient
if it contains all that it is necessary for plaintiff to prove

under a plea of the general issue. If, therefore, plaintiff, in other employments, during the term of the contract, and after he was prevented by defendant from performing the services under the contract in question, performed services for some other person or persons than the defendant for which he received compensation, or if he refused or negligently failed to seek other employment after his discharge, those facts or either of them constituted a matter of defense, which could be set up by the defendant as in abatement of damages or of any sum which it might be shown that the plaintiff would otherwise be entitled to. In *Rosenberger* v. *Pacific Coast Ry. Co.,* 111 Cal. 313, 318, [43 Pac. 963, 964], the supreme court has this to say upon the proposition now in hand: "The court properly refused the instruction asked by the defendant. While it is the duty of an employee who has been wrongfully discharged to seek other employment, and thus diminish the damages sustained by him, he is not required, as a condition of recovery, to show that he has made such endeavor and failed. The burden is on the defendant to show that he could by diligence have obtained employment elsewhere. Whatever compensation may have been received in such employment is also to be shown by the defendant in mitigation of damages; otherwise the damages will be measured by the salary or wages agreed to be paid. (Sutherland on Damages, sec. 693; *Costigan* v. *Mohawk etc. R. R. Co.,* 2 Denio (N. Y.), 609, [43 Am. Dec. 758]; *Howard* v. *Daly,* 61 N. Y. 362, [19 Am. Rep. 285]; *Utter* v. *Chapman,* 43 Cal. 279.)" (See, also, *Nuckolls* v. *College of Physicians and Surgeons etc.,* 7 Cal. App. 233, [94 Pac. 81].)

The third and fourth special grounds of demurrer are obviously without force. The complaint states that plaintiff was required to secure a house other than the one with which defendant agreed to furnish him in which to live during the term of the contract, and it is, so far as the matter of pleading is concerned, wholly immaterial where the house so rented by him was situated. Indeed, such an averment would involve, if anything, the statement of an evidentiary fact.

We conclude that the demurrer should have been overruled.

The judgment is reversed, with direction to the trial court to allow defendant to answer the complaint, should he be so advised.

Burnett, J., and Finch, P. J., concurred.