[Civ. No. 4467. First Appellate District, Division One.—February 14, 1923.]

## T. H. RAMSAY, Respondent, v. ELIZABETH A. RODGERS et al., Appellants.

[1] EMPLOYER AND EMPLOYEE—CONTRACT OF EMPLOYMENT—WRONGFUL DISCHARGE—VOID PROVISION FOR LIQUIDATED DAMAGES—EFFECT OF.—A contract of employment containing a void provision for the payment of liquidated damages in the event of a wrongful discharge is not wholly void, and the employee upon breach by the employer may recover actual damages.

[2] ID.—FIXED TERM OF EMPLOYMENT—DISCHARGE WITHOUT CAUSE—MEASURE OF DAMAGES.—In the case of contracts of employment for a fixed term the measure of damages for the breach of the covenant against the discharge of employees without cause is *prima facie* the contract price for his services during the term, or, in other words, the amount which the employee would have received under the contract had its terms been fulfilled.

[3] ID.—ACTION FOR WRONGFUL DISCHARGE—PLEADING—AMOUNT IN EXCESS OF ACTUAL DAMAGES — EFFECT OF.—In an action for wrongful discharge under a contract of employment, the fact that the plaintiff sets forth in his statement of damages an amount in excess of that which as actual damages he would be entitled to recover does not render his complaint defective, at least as against a general demurrer.

[4] ID.—PROVISION FOR LIQUIDATED DAMAGES—VALIDITY, WHEN IMMATERIAL.—In an action for wrongful discharge under a contract of employment, it is immaterial whether the provisions of the contract with regard to the payment of liquidated damages are valid or void, where the amount of the plaintiff's recovery is less than that to which he would have been entitled upon the breach of the agreement.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

John E. Bennett for Appellants.

2. Measure of damages for servant's wrongful discharge, note, 43 Am. Dec. 209.

Creed, Jones & Dall and W. K. Powell for Respondent.

RICHARDS, J.—This action was instituted by the plaintiff for recovery of the sum of $12,750, with interest, alleged to be due the plaintiff from the defendants under the terms of a certain written contract for the employment of plaintiff by the defendants as general manager of certain real properties of the latter situate in California and Nevada and for a period from and after December 1, 1916, at a salary of $6,000 per annum, payable in monthly installments and for additional compensation of five per cent of the amount of the net annual income in excess of $25,000 derived from the operation or leasing of said properties, to be computed in the manner specified in said agreement. The contract, which was attached to the complaint as an exhibit and expressly made a part thereof, contained the following provision:

"It is mutually understood and agreed between the parties hereto that the owners shall not discharge the general manager during the term of this employment except on account of a breach by the general manager of some material part of this agreement going to the essence thereof; the right is reserved, however, to the owners, of discharging the general manager at any time, but if they discharge him without legal cause the owners obligate themselves to pay to him at the time of such discharge, in addition to the amount of compensation due him at such time according to the terms of this agreement, a full year's compensation. If, however, such discharge shall occur prior to the completion of the first year of service then the extra amount of such compensation shall be the sum of six thousand dollars ($6,000.00); if, however, such discharge shall occur after the first year of his employment as such General Manager then the amount of such additional compensation over and above his regular salary to be paid to the General Manager shall be the sum of six thousand dollars ($6,000.00) plus five per cent (5%) of the estimated net income over and above the sum of twenty-five thousand dollars ($25,000.00), of the year during which he may be so discharged; and the General Manager shall have no right to cease his services as such general manager except on account of a material

breach of said agreement by the owners or either of them going to the essence thereof.''

Plaintiff, in his complaint, alleged that he entered upon the performance of the obligations of said contract on his part to be performed and had continued to perform the same until the first day of March, 1919, when the defendants without cause discharged said plaintiff. He further alleged that there was due him at the time of his said discharge on account of his salary for the month of February, 1919, the sum of $500, which was unpaid, and that there became due him thereafter, pursuant to the terms of said contract, the sum of $6,000 as his full year's compensation for the year succeeding said date of his discharge, and the further sum of $6,250, being five per cent of the amount of income of said properties in excess of $25,000 for said year; which sums also remain unpaid. He prayed judgment for the sum of $12,750, the aggregate of these several sums, with legal interest from the date of his discharge, and costs of suit. Defendants demurred to said complaint generally and also presented a special demurrer alleging certain specified uncertainties therein. These demurrers being overruled, the defendants answered, denying generally the averments of the plaintiff's complaint. Later they asked and obtained leave to file an amended answer and cross-complaint, the former of which embraced amplified denials and the latter alleged certain breaches of said contract on the plaintiff's part, which it was asserted justified his discharge, from which the defendants were alleged to have sustained a large amount of damage for which they sought affirmative relief through their said cross-complaint. The cause was tried before a jury, which returned a verdict in the plaintiff's favor for the sum of $10,000. Judgment was entered accordingly. A motion for a new trial was presented and denied, whereupon this appeal was taken.

[1] The appellants present as the record upon this appeal only the judgment-roll, and this being so, the sole question which is presented for review is as to the sufficiency of the plaintiff's complaint. The contention of the appellants is that the complaint shows upon its face that the action is one for the recovery of liquidated damages for the breach of the agreement set forth therein; that the provisions of said agreement as to payment of the sums sought

to be recovered by the terms of said complaint amount in law to a claim for liquidated damages in violation of the provisions of section 1670 of the Civil Code, and that this being so the only damages to which the plaintiff would be entitled upon the breach of said agreement would be for actual damages; that the complaint contains no averment as to the actual damage sustained by plaintiff from the alleged breach of said agreement and is therefore fatally defective. It may be conceded for the sake of the argument that the provision in the contract sued upon for the payment of certain stipulated sums to the plaintiff in the event of his discharge from the defendants' employ without cause amount to an agreement for the payment of liquidated damages. It may also be conceded for the sake of the argument that such provision in said contract was void under the terms of section 1670 of the Civil Code. It does not follow, however, that the entire contract is for that reason void. On the contrary, said section of the code provides that such contract shall only be void to the extent of such void agreement for liquidated damages. This contract, being otherwise valid, upon its breach through the discharge of the plaintiff by the defendants without cause, the plaintiff would have been entitled to recover his actual damages for such breach. [2] In the case of contracts of employment for a fixed term the measure of damages for the breach of the covenant against the discharge of employees without cause is *prima facie* the contract price for his services during the term; or, in other words, the amount which the employee would have received under said contract had its terms been fulfilled. (*Seymour* v. *Oelrichs,* 156 Cal. 782, 801 [134 Am. St. Rep. 154, 106 Pac. 88]; *Hancock* v. *Board of Education,* 140 Cal. 554, 562 [74 Pac. 44].) This being so, the plaintiff in setting forth the contract in his complaint, in alleging performance on his part, in stating its breach on the part of the defendants through his discharge without cause, and in alleging his damages thereby to have been a fixed amount, stated a cause of action. The cases of *Long Beach* v. *Dodge,* 135 Cal. 405 [67 Pac. 499], and *Sherman* v. *Gray,* 11 Cal. App. 351 [104 Pac. 1004], cited by appellants, have no application to a case involving the discharge of an employee wherein the damage for such discharge is *prima facie* the contract price for his services

during the term. [3] The fact that the plaintiff may have set forth in his statement of damages an amount in excess of that which as actual damages he would be entitled to recover did not render his complaint defective, at least as against a general demurrer, and the defendants do not specify any such defect in their special demurrer, and hence could not take advantage of such defect, if any, upon this appeal. If it was the contention of the defendants that the plaintiff was not entitled to recover as actual damages the full amount to which he would have been entitled upon the fulfillment by him of the terms of said contract, which was interrupted by his discharge without cause, as, for example, that he had obtained or by the exercise of reasonable effort could have obtained employment elsewhere, these were defensive matters which could have been set forth if they existed, in the defendant's answer. (Sutherland on Damages, 4th ed., sec. 693, and cases cited; *Hancock* v. *Board of Education, supra; Seymour* v. *Oelrichs, supra; Rosenberger* v. *Pacific Coast Ry.*, 111 Cal. 313 [43 Pac. 963].) The defendants, however, made no such claim in either their answer or cross-complaint filed therein, relying solely upon their contention and assertion that the plaintiff had been discharged for cause, consisting of his willful and habitual neglect of duty in the performance of his obligations as their employee. In conceding for the purpose of the foregoing discussion that the defendants' claim that the provision in said contract relating to the payment of a stipulated compensation in the event of his discharge without cause is void as in violation of sections 1670 and 1671 of the Civil Code, we are not to be understood as admitting such to be the fact. On the contrary, looking to said contract as a whole we are of the opinion that the actual damages which would be sustained by the plaintiff through the breach of its obligation that he should not be discharged during the term of his employment without cause, are such as in the nature of the case it would be impractical or extremely difficult to fix. We do not deem it necessary, however, to amplify the discussion of this question in the state of the record before us. The appeal is presented upon the judgment-roll alone and we have therefore no means of knowing what the evidence in this case disclosed with relation to the actual damage sustained by the plaintiff through his said dis-

charge. The jury evidently determined that such discharge was without cause and having so determined it fixed the plaintiff's damage at the sum of $10,000. By so doing it gave the plaintiff an amount in damages, not only much less than the amount of his stipulated damage for such discharge under the terms of the contract, but also an amount much less than the sum he would have been entitled to receive as his compensation under said contract had its terms of service and employment been fulfilled. [4] It thus becomes immaterial whether the provisions of said contract with regard to the payment of liquidated damages are valid or void, since in either event the amount of the plaintiff's recovery was less than that to which he would have been entitled upon the breach of said agreement.

Finding no error in this record, the judgment is affirmed.

Tyler, P. J., and St. Sure, J., concurred.