[Civ. No. 8416.   Fourth Dist., Div. One.   Mar. 17, 1967.]

VIRGIL J. ERLER, Plaintiff and Respondent, v. FIVE POINTS MOTORS, INC., et al., Defendants and Appellants.

Condra & Baxley and Robert C. Baxley for Defendants and Appellants.

Harelson, Enright, Levitt & Knutson and Jack R. Levitt for Plaintiff and Respondent.

LAZAR, J. pro tem.*—The subject action arises from breach of an employment contract in which the plaintiff was the employee and the defendants the employer. Plaintiff was engaged to manage an automobile business with compensation at the rate of $1,300 per month. The corporate employer-defendant was found to be the *alter ego* of the individual defendants. Plaintiff's employment commenced October 1, 1963, to run for one year; the wrongful discharge occurred February 1, 1964. These facts were determined by the trial court upon conflicting and substantial evidence.

At the trial defendants sought to prove by questions of the plaintiff that he had earned $9,100 during the remaining eight months of the contract period in similar work with other automobile dealers. This effort upon objection was disallowed on the ground mitigation of damages is an affirmative defense which must be pleaded as such and that the evidence was not admissible under defendants' general denial of damage. Defendants then asked leave to amend their answer to assert the affirmative defense and the motion was denied.

Certain procedural and chronological matter thus becomes of interest: The action was commenced February 26, 1964; plaintiff's second amended complaint was filed September 2, 1964; defendants' answer filed September 21, 1964, alleged three affirmative defenses, i.e., refusal to continue employment; mutual rescission; plaintiff's breach of contract by quitting. The parties eliminated pretrial under the aegis of rule 222, California Rules of Court; no commitment as to issues was made in the Joint Statement Requesting Waiver of Pretrial Conference; trial commenced August 30, 1965; on the fourth day of trial defendants amended their answer in relation to plaintiff's asserted breach of the employment agreement and resignation; on the fifth and last day of trial, when the question of mitigation of damages arose, the motion to amend the answer was made and denied. Judgment was rendered for plaintiff with damages computed from the amount of the unpaid monthly salary less the 50 percent of operational losses chargeable to the plaintiff by the terms of the employment contract.

The questions to be answered are these:

*First*: Did the trial court err in denying admission in evidence of earnings outside the contract but during the bal-

---

*Assigned by the Chairman of the Judicial Council.

ance of the contract period under the general denial of the answer?

*Second*: Did the trial court abuse its discretion in denying defendants' motion to amend their answer to raise the affirmative defense of mitigation of damages?

█ A number of California cases have had occasion to discuss the basic rule of damages for unlawful discharge in relation to a specific employment contract. The most thorough consideration would seem to be that found in *Seymour* v. *Oelrichs*, 156 Cal. 782, 801-803 [106 P. 88, 134 Am.St.Rep. 154]. Stated simply, the contract compensation for the unexpired period of the contract affords a prima facie measure of damages; the actual measured damage, however, is the contract amount reduced by compensation received during the unexpired term; if, however, such other compensation has not been received, the contract amount may still be reduced or eliminated by a showing that the employee, by the exercise of reasonable diligence and effort, could have procured comparable employment and thus *mitigated the damages*. See also *Utter* v. *Chapman*, 38 Cal. 659 and 43 Cal. 279; *Hancock* v. *Board of Education*, 140 Cal. 554, 562 [74 P. 44]; *de la Falaise* v. *Gaumont-British Picture Corp.*, 39 Cal.App.2d 461, 469 [103 P.2d 477].

█ The first reference to the necessity for pleading mitigation of damages as an affirmative defense appears in *Rosenberger* v. *Pacific Coast Ry. Co.*, 111 Cal. 313 [43 P. 963]. That case involved employment for one year at $1,800, payable $150 per month. Wrongful discharge occurred and plaintiff sought to recover three months' salary. No mention of mitigation appears to have been made in the answer. With only implied reference to the pleadings the court said at page 318: "The court properly refused the instruction asked by the defendant. While it is the duty of an employee who has been wrongfully discharged to seek other employment, and thus diminish the damages sustained by him, he is not required, as a condition of recovery, to show that he has made such endeavor and failed. The burden is on the defendant to show that he could by diligence have obtained employment elsewhere. Whatever compensation may have been received in such employment is also to be shown by the defendant in mitigation of damages; otherwise the damages will be measured by the salary or wages agreed to be paid. (Sutherland on Damages, Sec. 693; *Costigan* v. *Mohawk etc. R.R. Co.*, 2 Denio 609 [43 Am.Dec. 758]; *Howard* v. *Daly*, 61 N.Y. 362, 19 Am.Rep. 285; *Utter* v. *Chapman*, 43 Cal. 279.)"

*Vitagraph, Inc.* v. *Liberty Theatres Co.*, 197 Cal. 694 [242 P. 709], involved the breach of a contract by the defendant to rent six motion picture films which were to be produced and delivered in turn. Defendant accepted the first two, received and returned the second two without exhibiting them and communicated a refusal of the fifth and sixth films before delivery. No affirmative defense pleading plaintiff's responsibility to minimize or mitigate damage was raised in the answer. Nevertheless, the court considered the contended applicability of the rule to the plaintiff in this language: "Assuming, however, the applicability to the present case of the rule which requires an injured party to minimize the damages, the appellant is not benefited thereby herein, at least in respect of the amount awarded on account of the third and fourth photoplays. The cases which recognize and give application to this rule uniformly hold that the burden of proof is upon the defendant to prove the facts in mitigation of damages. [Citations.] When respondent proved the contract, the performance thereof by the delivery of the third and fourth films, and appellant's refusal to pay therefor, it established at least a *prima facie* case entitling it to recover as damages the amount which appellant had agreed to pay for those films. [Citation.] It was then for the appellant to prove facts in mitigation of those damages, and this it did not do. It is generally held to be the duty of the defendant to plead the facts in mitigation of damages if he would rely thereon, and this the appellant did not do." [pp. 699-700.] Neither *Seymour* nor *Alderson* v. *Houston*, 154 Cal. 1 [96 P. 884], the only California cases cited in *Vitagraph* touch upon the pleading problem with which we are here concerned, each being restricted to the wrong-doers burden of proving the facts in mitigation. No authority is cited to the statement of the defendant's duty "to plead the facts in mitigation of damages. . . ."

The only question presented in *Palmer* v. *Harlow*, 52 Cal. App. 758 [199 P. 844], was the adequacy of the complaint as against general and special demurrers. For grounds of special demurrer it was said at page 761: " 'That said complaint is uncertain in that it does not appear therein, nor can it be ascertained therefrom, whether or not plaintiff was engaged in any employment during the period from the twenty-fifth day of July, 1918, to and including the twenty-fifth day of October, 1919; nor does it appear therein, nor can it be ascertained therefrom, whether or not plaintiff made any effort to obtain employment; that paragraph four of said complaint is uncer-

tain in that it does not appear therein, nor can it be ascertained therefrom, where or in what place plaintiff was forced to rent other and different premises in which to live, as alleged in said paragraph; . . .' '' Holding the complaint sufficient, the court said at page 764: ''If, therefore, plaintiff, in other employments, during the term of the contract, and after he was prevented by defendant from performing the services under the contract in question, performed services for some other person or persons than the defendant for which he received compensation, or if he refused or negligently failed to seek other employment after his discharge, those facts or either of them constituted a matter of defense, which could be set up by the defendant as in abatement of damages or of any sum which it might be shown that the plaintiff would otherwise be entitled to.'' quoting thereafter from *Rosenberger* v. *Pacific Coast Ry. Co., supra,* 111 Cal. 313, 318.

Again, we find in *Ramsay* v. *Rodgers,* 60 Cal.App. 781, 785 [214 P. 261], the following language: ''If it was the contention of the defendants that the plaintiff was not entitled to recover as actual damages the full amount to which he would have been entitled upon the fulfillment by him of the terms of said contract, which was interrupted by his discharge without cause, as, for example, that he had obtained or by the exercise of reasonable effort could have obtained employment elsewhere, these were defensive matters which could have been set forth if they existed, in the defendant's answer.'' [Citations.]

*Steelduct Co.* v. *Henger-Seltzer Co.,* 26 Cal.2d 634 [160 P.2d 804], cited by respondent does not help us since the trial court improperly rejected evidence of mitigation in the light of defendants' allegation that '' 'plaintiff has been adequately represented in the whole of said territory since the 19th day of April, 1939, and that the sales of said agent so appointed have supplied the demand for plaintiff's product in said territory.' ''

*Danelian* v. *McLoney,* 124 Cal.App.2d 435 [268 P.2d 775], also cited by respondent likewise does not assist us as it appears from the opinion that conflicting evidence was received on the question of plaintiff's failure to minimize damages with a resultant binding finding notwithstanding a failure to plead mitigation as an affirmative defense.

It would seem that appellants' observation is accurate in stating that the California rulings on the necessity for raising an issue of mitigation of damages by pleading the appropriate

affirmative defense appear only as dicta. We do not agree that *Guay* v. *American President Lines,* 81 Cal.App.2d 495 [184 P.2d 539], is decisive of the question we are considering. The uncertainty of the court on this point, which in fact had not been raised by the objection made in the trial court, is shown by the statements that: "While it is true that defendant did not plead these payments as an offset, and that it would have been better practice to have done so [Citations.], that was not indispensable under the circumstances. It is at least reasonably arguable that such evidence can be admitted under a general denial. (See cases collected 25 C.J.S. p. 780, § 142.)" [P. 519.]

We are directed to no case in this jurisdiction which discusses in any depth the reason for requiring that mitigation with respect to employment contracts be affirmatively raised in a defensive pleading. In the early cases reference is made to *Costigan* v. *Mohawk & Hudson R.R. Co.,* 2 Denio 609 [43 Am.Dec. 758], which in turn is considered in *King* v. *Steiren,* 44 Pa. 99 [84 Am.Dec. 419]. The holdings in those cases are summed up in *King, supra,* in this language at page 105: "Without referring to them more particularly here, it will suffice to say that they establish incontrovertibly the rule in England to be that, in such a case, the plaintiff is *prima facie* entitled to the stipulated compensation for the whole time. If so, the burden of proof in regard to his employment elsewhere, or his ability to obtain employment, must necessarily rest on the defendant. All evidence in mitigation is for a defendant to give. In its nature it is affirmative, and hence it is for him to prove who asserts it. But the possibility of obtaining other similar employment, or the fact that other employment was obtained, bears upon the case only in mitigation of damages, and is therefore a part of the defendants' case."

It is not difficult to see how such statements could readily be translated into a requirement that the issues to which they pertain would have to be brought forward by the defendant's affirmative pleading. But it must be kept in mind that reliance upon the burden of proof test can easily result in a circular confusion with the concepts of affirmative defense and new matter. See 2 Chadbourn, Grossman and Van Alstyne, California Pleading, section 1554, p. 590: "The rules for pleading new matter have sometimes been stated in terms of burden of proof. Thus, it has been said that the defendant must state as new matter defenses as to which he would have the burden of proof at the trial. But this is actually of little help, because

the question whether the defendant has the burden of proof at the trial is itself often referable to the question whether the defense is an affirmative one which must be stated as new matter (in which case the defendant generally has the burden of proof) or whether it simply involves the negation of an element of plaintiff's cause of action (as to which the plaintiff has the burden of proof). Hence, in the final analysis the question as so stated resolves itself into a determination whether the defense is or is not directed to the elements of plaintiff's cause of action.'' [Pp. 590-591]

And how do we distinguish the logic of such a case as *Bridges* v. *Paige*, 13 Cal. 640? The action was for attorneys' fees for professional services. The alleged value of the services was denied by the answer. Upon trial the court refused to allow examination of a plaintiff to show negligence in the performance of the legal services in reduction of their value. The trial court's ruling was held erroneous with this language: 'One of the reasons given for this ruling is, that this matter is not set up in the answer. It seems to be supposed that this was new matter, which should have been affirmatively pleaded. The rule invoked, however, does not apply to this case. Anything which shows that the plaintiff has not the right of recovery at all, or to the extent he claims, on the case as he makes it, may be given in evidence upon an issue joined by an allegation in the complaint, and its denial in the answer. Where, however, something is relied on by the defendant which is not put in issue by the plaintiff, then the defendant must set it up. That is new matter—that is, the defendant seeks to introduce into the case, a defense which is not disclosed by the pleadings. This case is a good illustration: the plaintiffs aver that the defendant is indebted to them in the sum of, say fifteen hundred dollars, for services rendered; that he is indebted to this amount because this was the value of these services. The defendant denies that he is indebted at all, and denies, further, that the services were of the value charged. He proposes to show that they were not of this value. He can do this by any legal proof, and he is not bound to set out his proofs in his pleading.'' [Pp. 641-642.] (Followed in *Jetty* v. *Craco*, 123 Cal. App.2d 876, 880 [267 P.2d 1055]; see also *Peters* v. *Papoulacos*, 218 Cal.App.2d 791 [32 Cal.Rptr. 689].)

A very illuminating discussion of this subject by the great judge Benjamin Cardozo is to be found in *McClelland* v. *Climax Hosiery Mills*, 252 N.Y. 347 [169 N.E. 605]. The case arose upon a proceeding to fix damages after failure to answer,

the defendant offering testimony upon damage only as allowed by New York practice. It was held that the failure to answer did not, under New York practice, admit the damage alleged, and therefore the defendant's evidence was admissible. The concurring opinion of Justice Cardozo puts in question the propriety of considering the matter of wages earned or which ought to have been earned as a matter of mitigation. "Proof of a prima facie case will charge the master with a duty of going forward with the evidence. This does not mean that he has the burden of proof in the strict sense, a burden that would require him to plead the matter to be proved. [Citations.] " . . . . . . . . . . . . .

"The servant is free to accept employment or reject it according to his uncensored pleasure. What is meant by the supposed duty is merely this: That if he unreasonably reject, he will not be heard to say that the loss of wages from then on shall be deemed the jural consequence of the earlier discharge. He has broken the chain of causation, and loss resulting to him thereafter is suffered through his own act." [*McClelland, supra,* 169 N.E. 605, 609.] And further at page 610, the court said: "In these and countless other instances, the course of justice will be greatly embarrassed if the damage actually suffered as a jural consequence of the wrong may not be proved to be less without a plea in mitigation. Often the truth does not come out without the probe of cross-examination in the progress of the trial. The defendant cannot know it in advance, or even have information about it, so as to supply a basis for a pleading. This is conspicuously so in the very class of actions now before us, where the servant often sues immediately after his discharge, and the employer does not know until the trial whether there has been diligence or inaction in looking for employment elsewhere. We encourage reckless pleading if we say that in such circumstances there can be no reduction of the damages, no proof that they were not actual, unless the defendant has the hardihood to assert a plea in mitigation."

With respect to the instant problem it would seem that a logical division may be made which will afford to the plaintiff protection from surprise and unfairness and in turn eliminate pleading pitfalls to which a defendant may be subject as here illustrated.

The plaintiff has the burden of proving his damage. The law is settled that he has the duty of minimizing that damage. While the contract wages are prima facie his damage, his ac-

tual damage is the amount of money he was out of pocket by reason of the wrongful discharge. It can be no surprise nor result in prejudice to a plaintiff to be asked whether after discharge he earned other income. It honors form over substance and makes the trial a game rather than a search for truth to say that a defendant may not ask such a question unless in addition to denying that the plaintiff was damaged in the amount claimed he asserted that the plaintiff had earned an off-setting amount of X dollars. In the usual case this latter pleading would be unknown and speculative, and in effect a reversion to the formalistic days of common law pleading. The ''elementary principles'' of logic and fair play of which Mr. Justice Peters speaks in *Guay* v. *American President Lines, supra,* 81 Cal.App.2d 495, 519, would surely be violated if the plaintiff were not to be subject to cross-examination as to his own activities in relation to the case he has the burden of proving.

On the other hand, when we come to the issue of true mitigation of damage, we face a situation in which the plaintiff is entitled to be alerted to contentions not implicit in his complaint. We conceive a substantial difference between what a plaintiff has actually done and what he could have done with the exercise of reasonable diligence and effort. It is true that it is the plaintiff's responsibility to seek comparable employment, but if he has had no actual earnings then in the nature of things the defendant will be faced with showing that employment could and should have been had. This would constitute new matter, the proper subject of defensive pleading, for to say otherwise would be to hold the plaintiff to proving a negative, which by well accepted general rules he is not required to do. Such an issue presumably involves matter and proof outside the conduct of the plaintiff; it would follow that he is entitled to be alerted to meet the case that the defendant may make out in that regard.

We see the question as one of computation (diminution of prima facie damage by earnings) on the one hand, and evaluation (mitigation from proof of potential earnings) on the other. In the absence of a precedent of clear and abiding force, and upon analysis the further absence of any reason why under a general denial of damage the plaintiff's own activity should not be subject to scrutiny to establish the actual value of his alleged damage, we hold that the examination should have been allowed by the trial court within the limits defined by this opinion.

The ruling hereinabove expressed eliminates the necessity of considering whether the court abused its discretion in disallowing the proposed amendment of the defendants' pleadings.

The judgment is reversed as to the damages allowed and remanded for further proceedings consistent with the foregoing opinion on that issue alone. Appellants to recover costs on appeal.

Coughlin, Acting P. J., and Whelan, J., concurred.