81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HOLBROOK CHIPPER, INC., an Oregon corporation; Arthur K.
Howell; A. Gene Howell, dba Holbrook Chipping,
Plaintiffs-Appellants,
v.
GEORGIA-PACIFIC CORPORATION, a Georgia corporation,
Defendant-Appellee.
 No. 94-35952.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided March 26, 1996.
 
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Holbrook Chipper, Inc. appeals the district court's judgment following a jury verdict in favor of Georgia-Pacific Corporation. Holbrook asserts that the district court erred when it (1) allowed Georgia-Pacific to submit evidence that softwood sales mitigated Holbrook's damages; (2) failed to strike the mitigation defense because Georgia-Pacific did not prove the amount of mitigation; and (3) failed to instruct the jury that Georgia-Pacific bore the burden of proving the benefits of mitigation. We reverse.
 
 DISCUSSION
 
 3
 1. Holbrook argues that the district court abused its discretion when it admitted evidence of the softwood sales to show substituted performance. Holbrook asserts that evidence of softwood sales was course-of-performance evidence, admissible only to aid in the interpretation of ambiguous terms. Because the term "hardwood" is unambiguous, Holbrook argues that the district court abused its discretion by admitting evidence of substitution or mitigation with "softwood."
 
 
 4
 However, Holbrook never cites to any portion of the record in which Georgia-Pacific argues that the softwood served as substitute goods. Rather, Georgia-Pacific's counsel repeatedly said that was not Georgia-Pacific's position. In fact, Georgia-Pacific specifically and repeatedly argued that the softwood sales did not constitute substitution. Georgia-Pacific argued only that the sales of softwood chips should serve as mitigation for the damages caused by any breach. Thus, the district court did not abuse its discretion when it admitted evidence of the softwood sales as evidence of mitigation.[1] See City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995); The Monotype Corp. v. International Typefact Corp., 43 F.3d 443, 448 (9th Cir.1994).
 
 
 5
 2. A question common to Holbrook's other claims of error is who has the burden of persuasion on the issues of the fact and amount of mitigation. Oregon has not specifically said, but Oregon would, no doubt, follow the weight of authority and place the burden on the breaching party. See Katz Communications, Inc. v. Evening News Ass'n, 705 F.2d 20, 26 (2d Cir.1983) ("the burden is on the [defendants] to prove any potential item in mitigation of damages inasmuch as it is pro tanto a defense to the claim of the wronged party."); Larsen v. Carpenter, Inc., 620 F.Supp. 1084, 1137 (E.D.N.Y.1985), aff'd, 800 F.2d 1128 (2d Cir.1986) (Table) (the defendant had the burden of proving the income derived from substitute goods); Mass v. Board of Educ. of San Francisco Unified Sch. Dist., 61 Cal.2d 612, 627, 39 Cal.Rptr. 739, 749, 394 P.2d 579, 589 (1964) ("These decisions do nothing more than apply to cases of wrongful discharge the general principle that the burden of showing mitigation of damages rests upon defendant."); Steelduct Co. v. Henger-Seltzer Co., 26 Cal.2d 634, 654, 160 P.2d 804, 815 (1945) (the burden of proving mitigation is on the defendant); Erler v. Five Points Motors, Inc., 249 Cal.App.2d 560, 563, 57 Cal.Rptr. 516, 518 (1967) ("It was then for the appellant to prove facts in mitigation of those damages, and this it did not do. It is generally held to be the duty of the defendant to plead the facts in mitigation of damages if he would rely thereon, and this the appellant did not do." (quotation omitted)); Cohen v. Radio-Electronics Officers, 645 A.2d 1248, 1259 (N.J.Super.A.D.1994) ("Suffice it to say that mitigation is always an element in a contract suit for damages, with the burden of proving facts in mitigation of damages resting upon the party breaching the contract." (internal citations omitted)); 2 R. Dunn, Recovery of Damages for Lost Profits § 6.22 (1992) ("[P]roof of the amount of benefit ... derived from mitigation" is "a matter for the defense."); cf. Iron Workers Local 118, International Assoc. of Bridge and Structural Iron Workers v. NLRB, 804 F.2d 1100, 1102 (9th Cir.1986) ("Once the Board has established the unfair labor practice and the amount of back pay due the employee, the burden is upon the employer to produce evidence to mitigate its liability.").
 
 
 6
 3. Holbrook claims to have made a motion to strike the defense of "no damages" and "mitigation" based upon Georgia-Pacific's alleged failure to submit evidence of the extent of profits on the softwood chip sales. It is not at all clear from the record that Holbrook actually made a motion for a judgment as a matter of law. Holbrook did voice some concern about the jury's ability to establish the amount of mitigation from the evidence presented. However, a mere statement of concern about the amount of evidence is a far cry from a claim that the evidence requires a judgment as a matter of law and a farther cry from actually making a motion. See Fed.R.Civ.P. 50(a).
 
 
 7
 Even if the statement were considered to be a motion, however, the district court did not err by denying it. A motion for judgment as a matter of law can only be granted when the evidence permits a single reasonable conclusion when viewed in the light most favorable to the nonmoving party. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994). Construing the evidence in the light most favorable to Georgia-Pacific, a reasonable jury could have concluded that Holbrook made more profit from the softwood sales than it lost on the hardwood sales.
 
 
 8
 4. Holbrook further argues that the jury should have been instructed that Georgia-Pacific bore the burden of proving the profits that Holbrook made by selling softwood chips to mitigate the breach of the hardwood contract. In that Holbrook is correct. However, an error in instructing the jury in a civil case does not require reversal if it is more probably than not harmless. Jenkins v. Union Pacific R. Co., 22 F.3d 206, 210 (9th Cir.1994); Larez v. Holcomb, 16 F.3d 1513, 1516-17 (9th Cir.1994); Caballero v. Concord, 956 F.2d 204, 206 (9th Cir.1992). Even the complete failure to instruct the jury on the burden of persuasion does not require reversal if there is no showing of prejudice. See Bercut v. Park, Benziger & Co., 150 F.2d 731, 735 (9th Cir.1945).
 
 
 9
 The issue of harmlessness turns on the quality of Georgia-Pacific's evidence of profits balanced against that of Holbrook. If the evidence only supported Georgia-Pacific's assertion that Holbrook made a profit from softwood sales which was equal to or greater than its losses from any breach, then we would conclude that the failure to instruct was more probably than not harmless. See Jenkins, 22 F.3d at 212.
 
 
 10
 As it turns out, however, the jury needed to determine which of two or more calculations was proper, and depending on which calculation it used, it would reach different results. Thus, we cannot say that the jury would have to reach a verdict in favor of Georgia-Pacific, and we cannot say that the district court's failure to provide a burden instruction was more probably than not harmless.
 
 
 11
 The discrepancy in competing interpretations of the evidence required the jury to determine whether the burden of persuasion had been met. That was a relatively close question. The jury could not make the determination without being properly instructed that Georgia-Pacific bore the burden of persuasion. The jury could have decided that Georgia-Pacific did not prove that Holbrook's gain on sales of softwood outweighed its loss from any breach, or it could have decided the contrary. The jury, moreover, could have concluded that it was unable to resolve the tangled mass of figures submitted by the parties into an orderly softwood profit figure. If it had been instructed on the fact that the burden of persuasion was Georgia-Pacific's, the jury could have found in favor of Holbrook.[2]
 
 
 12
 REVERSED and REMANDED for further proceedings consistent with this disposition.
 
 REINHARDT, J., Circuit Judge, concurring:
 
 13
 I concur fully in the court's memorandum disposition. I would only add that it is not clear to me that the softwood chip sales constituted mitigation sales rather than simply sales that would have taken place in the ordinary course of business. However, in view of the result we reach, that question is of no importance on this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The mitigation defense was preserved in the pre-trial order
 
 
 [2]
 Holbrook also contends that the district court abused its discretion when it did not instruct the jury that the burden of proving failure to mitigate damages falls on the defendant. That contention misconstrues Georgia-Pacific's defense. Georgia-Pacific did not claim that Holbrook failed to mitigate. Thus, an instruction on the burden of persuasion on that defense was not necessary and could have confused the jury