[Civ. No. 76.    Second Appellate District.—November 9, 1905.]

## BANK OF PASO ROBLES, Respondent, v. FRANK J. BLACKBURN, Appellant.

ACTION UPON NOTE—MORTGAGE ON CROP—EXTINGUISHMENT FOR AD-VANCES—PLEADING—"NEW MATTER"—IMMATERIAL ERROR.—In an action upon a note in the ordinary form, it is not necessary to allege, as any part of the cause of action, that a crop was mortgaged to secure the note and further advances, and that it was extinguished by surrender of the crop in satisfaction of the advances. Such facts come within the definition of "new matter" for the answer, and were it otherwise, the error would be immaterial in view of the facts proved and found by the court.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.    E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler & Hoefler, Louis Lamy, and R. W. Putnam, for Appellant.

W. H. Spencer, for Respondent.

SMITH, J.—The suit was brought on the promissory note of date March 12, 1900, set out in the complaint, which is in the ordinary form.    One of the defenses set up in the answer is that the note was secured by a mortgage on certain growing crops, and that plaintiff took possession of the mortgaged property and sold the same.    The court finds that the mortgage was executed to secure the note in suit, "and also to secure to plaintiff the payment of such other moneys as might thereafter be advanced," etc.; that prior to November, 1900, plaintiff advanced to defendant under the provisions of the mortgage, the sum of $400, of which $356.80 has been repaid and no more; and "that more than two and one-half years prior to the commencement of this action all the security given by defendant to plaintiff to secure the payment of said note and said advances had, without any act of the plaintiff, become valueless," etc.    From the evidence it appears that by an agreement between the defendant and the plaintiff's agent the mortgaged crop was transferred by the former to the latter in satisfaction of the amount due for advances.

The only point made by the appellant is in effect that it was incumbent upon the plaintiff to allege the execution of the mortgage and its subsequent extinction, and that the complaint was fatally defective on this account.    But the point is obviously untenable for two reasons: The facts referred to constituted no part of the plaintiff's cause of action, and come clearly within the definition of "new matter" (Code Civ. Proc., [Revisers' ed.], sec. 437, and authorities cited in note on page 370 et seq.); and, were it otherwise, the error would be immaterial.

The judgment is affirmed.

Gray, P. J., and Allen, J., concurred.