[Civ. No. 5947. First Appellate District, Division Two.—August 23, 1927.]

JOHN J. SHROPSHIRE, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION (a Corporation), et al., Appellants.

W. I. Gilbert and B. P. Gibbs for Appellants.

E. B. Drake for Respondent.

PRESTON, J., *pro tem.*—This is an appeal by the defendants Pickwick Stages, Northern Division, a corporation, and George L. Toomey from a judgment entered against them upon a verdict of a jury in the sum of fifteen thousand dollars.

The plaintiff sustained severe personal injuries as a result of a collision between an autostage of defendant corporation upon which plaintiff was a passenger for hire and a Ford automobile. Said accident occurred in the said city of Los Angeles. At the time and place of said collision said auto-

stage was being operated by defendant George L. Toomey, an employee of defendant corporation. The defendants' first and principal ground urged for a reversal of the judgment is that the trial court erred in instructing the jury upon the burden of proof and the preponderance of the evidence. In order to understand this point it will be necessary to refer to the pleadings.

Plaintiff, among other things, alleges in his complaint, paragraph 11, "That on the 23rd day of September, 1923, the plaintiff was being carried as a passenger for hire by said defendant corporation in one of its stages, and while the same was proceeding southerly on Ventura Boulevard, the said stage was so negligently operated by the defendants, that at the intersection of Woodley Avenue with said boulevard and in said intersection the defendant corporation's said stage struck a Ford automobile being operated easterly by one W. W. Grove and thereupon left the highway upon said intersection, struck a pole at or near the southeast corner thereof, and ran into a palm tree and was wrecked and plaintiff was injured. . . . "

Paragraph IV: "That in said accident, caused alone by the negligence of the defendants as aforesaid, plaintiff was hurt in his health, strength and activity; etc. . . . "

The defendants by their answer make specific denial of the allegations of negligence alleged in plaintiff's complaint and allege in a separate paragraph of their answer as follows: "Further answering plaintiff's complaint, these defendants allege that said accident was due solely and alone to the careless and negligent manner in which the car of W. W. Grove was then and there operated, in that said W. W. Grove was then and there teaching or attempting to teach a probable purchaser of said automobile how to drive and operate said automobile."

This question is therefore squarely presented: Does the above-quoted portion of defendants' answer bring into the case new matter constituting an affirmative defense, or is said allegation merely supplemental to the denial of negligence and superfluous?

The code provides that the answer shall contain: 1. "A general or specific denial of the material allegations of the complaint controverted by the defendant. 2. A statement of *any new matter* constituting a defense or counterclaim."

(Sec. 437, Code Civ. Proc.). The expression "new matter constituting a defense," as used in the code, refers to something relied on by a defendant which is *not put* in issue by plaintiff. (21 Cal. Jur. 132.) If the facts referred to in an answer constitute no part of the plaintiff's cause of action, then they come clearly within the definition of new matter used in the code. (*Bank of Paso Robles* v. *Blackburn*, 2 Cal. App. 146 [83 Pac. 262].)

 Measuring the answer by these rules, it seems clear that the defendants, in addition to a special denial of any negligence on their part, have further alleged that the accident and resulting injuries to plaintiff were caused *solely and alone* by the carelessness and negligence of the operator of the Ford car, which brings into the case new matter not raised by the complaint, which constitutes an affirmative defense.

 The law in this state is well settled that the burden is on the defendants to prove new matter alleged as an affirmative defense. (Secs. 1869 and 1981, Code Civ. Proc.; *Valente* v. *Sierra Ry. Co.*, 151 Cal. 534 [91 Pac. 481]; *Wilson* v. *California C. R. R. Co.*, 94 Cal. 172 [17 L. R. A. 685, 29 Pac. 861]; 10 Cal. Jur. 786, 787, and cases there cited.)

 The instruction complained of reads as follows: "The defendant states in its defense that the accident was due solely to the negligence and carelessness of the driver of the Ford car, the car of Grove, and the burden is upon the defendant to prove that. That is an affirmative issue, and the burden is upon the defendant to prove that defense by a preponderance of the evidence in the whole case. Unless you find from a preponderance of the evidence on the whole case that this defense is made out, or if you find that the evidence is equally balanced, you will find against the defendant on that issue."

The appellant contends that this instruction is erroneous for the reason that it imposes the burden upon the defendants of proving by a preponderance of the evidence that the accident was due solely to the negligence of the driver of the Ford car, thereby in effect requiring the defendants to prove that it was in no way responsible for the accident, and wholly ignored the well-settled rules in this state that the burden of proof is always upon the plaintiff throughout

the trial of the case to prove the negligence of the defendants and that such negligence was the proximate cause of the injury. With this contention we cannot agree. This instruction refers solely to the affirmative defense raised by the defendants in their answer, as it concludes, "unless you find from preponderance of the evidence on the whole case that this defense is made out, or if you find that the evidence is equally balanced, you will find against the defendant *on that issue*," meaning obviously the issue raised by the affirmative defense in the answer that the operator of the Ford car was alone responsible for the accident, and had no reference to the negligence of the defendants. It is further evident that the instruction complained of related to the affirmative issue raised by the answer, by the fact that the court gave a number of instructions relative to the burden of proof and the preponderance of evidence as between the plaintiff and the defendants.

The court defined negligence and preponderance of evidence and among other instructions gave the following: "In this case the plaintiff having alleged negligence on the part of defendant, *the burden is upon plaintiff to prove that negligence by a preponderance of the evidence, and, also, that that negligence, if there was any, proximately contributed to the injury.*"

The court also instructed the jury as follows: "In determining the issue of negligence, the burden of proving it is on the party asserting it, but in determining whether or not there has been such negligence, you will consider all of the evidence bearing on that subject, regardless of which party produced it. . . . "

" . . . While if the evidence on that issue is, in your judgment, equally balanced or preponderates against such negligence, it is not proved, and you should find that the defendant was not negligent."

"In order, therefore, to find a verdict for the plaintiff, you must not only find from a preponderance of the evidence that the defendant was negligent, but also that such negligence was a proximate cause of the injury."

"Therefore, if you shall find that the driver of the Ford automobile suddenly and without warning swerved his automobile to the left, and before reaching the center of the intersection, and in front of the motor bus in which plaintiff

was riding, and that thereafter the driver of the stage did all in his power to avoid the injury, then he was not guilty of negligence and your verdict should be for the defendant.''

''Of course if the driver of the Ford car violated any of the provisions of the Motor Vehicle Act, about which you have been instructed then he was guilty of negligence as a matter of law; and if that negligence was the sole proximate cause of the accident your verdict would be for the defendant.''

The appellants rely upon the case of *Valente* v. *Sierra Ry. Co., supra,* as supporting their contention that the instruction complained of is erroneous. The facts and pleadings in the Valente case are decidedly different from those in the case at bar. In that case there was a collision of the passenger train in which deceased was riding and a work train operated by the same defendant. The complaint there alleges the happening of the collision and death of Mrs. Valente resulting therefrom. These allegations of the complaint were admitted by the defendant in its answer. The complaint further alleged, ''That said collision was caused by and resulted from the carelessness and negligence of said defendant and its servants and agents in the management and operation of its said train, and the death of Marie Valente was caused by and resulted from the carelessness and negligence of said defendant and its servants and agents in the management and operation of its said train.'' These allegations were denied by the answer, which further alleged as follows: ''On the contrary, said defendant alleges that said collision and death of said Marie Valente therefrom was and were caused by and resulted from inevitable accident, without any fault or negligence on the part of said defendant or of its servants or agents in any way whatsoever.'' Upon the trial of that case evidence was introduced by the defendant to meet the *prima facie* case of negligence made by the showing of the accident. Under these circumstances the trial court, after instructing the jury that by reason of the admission as to the collision and the death of Mrs. Valente therefrom, a presumption arose that the accident resulted from defendant's negligence, and that, in order to rebut such presumption, defendant must show that the collision resulted from some inevitable casualty or unavoidable accident or from some cause which human care

and foresight could not have prevented, instructed the jury as follows: ''The burden of showing that the collision occurred by no fault of defendant and from some inevitable casualty or unavoidable accident or cause beyond the power of human foresight to prevent is on the defendant. In order to absolve itself from liability from any loss which may appear from the evidence to have been occasioned by such collision, it must establish by a preponderance of the evidence that such collision was caused by, or resulted from some inevitable casualty or unavoidable accident or cause beyond human care or foresight to prevent.''

This instruction under the pleadings was clearly erroneous for the reason that the jury was instructed that defendant must show by a *preponderance* of the evidence that it was not negligent, etc., which, of course, is not the law. No affirmative defense was raised by the defendant in that case and therefore no burden was cast upon the defendant to prove any issue by a preponderance of the evidence. The pleadings raised only the question of defendant's negligence and all the proof that defendant was required to meet was the *prima facie* case made by the plaintiff. (*Learned* v. *Peninsula R. T. Co.*, 49 Cal. App. 436 [193 Pac. 591].)

■ The law is well settled that as between the plaintiff and defendant in an action for damages resulting from negligence, it is essential to a statement of a cause of action that negligence on ·the part of a defendant be alleged, and if denied, it must be proved by plaintiff by a clear preponderance of the evidence in order for plaintiff to recover.

It seems equally well established that in such an action, where a defendant alleges in his answer new matter as an affirmative defense, the burden is on him to prove such affirmative defense by a preponderance of the evidence, otherwise such affirmative defense is not established. ■ However, where a defendant in such an action merely denies negligence on his part or where, in addition to denying negligence, sets up an affirmative defense, such as contributory negligence on the part of plaintiff, or imputed negligence, or sole negligence on the part of some third party, he is not called upon to prove want of negligence on his part by a preponderance of the evidence, but only required to meet the *prima facie* case made by plaintiff and the burden is still on plaintiff to prove negligence on the part of de-

fendant by a preponderance of the evidence and that such negligence was the proximate cause of the injury complained of. Or, in other words, the plaintiff is not relieved from the burden of proving his entire case by a clear preponderance of the evidence by the mere fact that defendant pleads an affirmative defense in addition to a want of negligence on his part.

When all the instructions are considered together we think that the burden of proof and preponderance of the evidence were clearly and correctly defined to the jury under the issues made by the pleadings.

It is next contended by the appellants that the court erred in permitting testimony relative to the speed of the bus a quarter of a mile distant from the place of the accident. The witness testified that he had been driving an automobile for about fourteen years and was then driving one and that the bus passed him while he was driving about thirty-seven miles an hour. After qualifying in this manner he answered the question propounded by the court as to the speed of the bus. His answer was, "Must have been going forty miles an hour." The defendants contend that this testimony was too remote and that the answer was irresponsive. We see no merit whatever in either of these contentions. The law in this state is well settled that where a person observes the speed of an automobile he or she can give at least an opinion as to its speed, and the weight of that opinion is for the consideration of the jury. (*Johnson* v. *Oakland S. L. & H. E. Ry.*, 127 Cal. 608 [60 Pac. 170]; *Shimoda* v. *Bundy*, 24 Cal. App. 675 [142 Pac. 109].) The answer, "must have been going forty miles an hour," simply means that in the opinion of the witness the bus was traveling forty miles per hour. The place of the speed testified to was not too remote from the scene of the accident because the witness was overtaken in his own car by the bus and followed and observed it up to the place of the accident. The evidence further shows that there were no intervening crossings between the place where the witness saw the bus and the place of the accident.

The evidence in this case is conflicting, but this was a question solely for the jury. The jury evidently accepted plaintiff's and his witness' version of the accident and where there is any substantial evidence to support the judgment

it is not within the province of this court to disturb the judgment on that ground. From a careful examination of the record in this case we think the evidence is amply sufficient to support the verdict of the jury and that there was no prejudicial error committed either in the instruction to the jury or the admission of testimony. The judgment is, therefore, affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 20, 1927.