[Civ. No. 19843.   Second Dist., Div. Three.   Mar. 16, 1954.]

GRACE SMITH JETTY, Respondent, v. JOSEPH R. CRACO, JR., Appellant.

Nathan Newby, Jr., for Appellant.

Weyl & Weyl, John A. Weyl and Bertin A. Weyl for Respondent.

SHINN, P. J.—The first cause of action of the complaint alleged that within two years last past defendant became indebted to plaintiff for money loaned in the sum of $4,125, which defendant promised to repay, and credit was given for $225 paid on account. In the second cause of action it was alleged that the loans were obtained by means of fraudulent representations and pretenses of the defendant. The representations, in brief, were that defendant had fallen in love with plaintiff and wished to marry her after he had freed himself from an existing marriage; that he needed the money to finance a trip to the Orient for the purchase of merchandise; that he would sell the same and "more than repay the plaintiff for the monies advanced." It was alleged that defendant had no intention of performing his promises and that plaintiff was deceived by the same to her damage in the sum of

$3,900 and interest. Defendant filed an answer denying all the material allegations of count I of the complaint and he pleaded that the cause of action ". . . . is barred by the provisions of section 339 of the Code of Civil Procedure of the State of California." The answer did not plead the statute of limitations as a defense to the second cause of action.

The court found that plaintiff loaned defendant $4,125 and "that said money was repayable by defendant to plaintiff within a reasonable time after his return from a trip to the Orient; that said defendant returned from the Orient on or about February 7, 1950, and that such sum became due after March 8, 1950." It was found that defendant was entitled to a credit of $225 and that interest should be allowed on $3,500 from August 23, 1949, and on $400 from February 7, 1950, in the total amount of $874.36. It was further found that defendant represented that when the merchandise, purchased in the Orient, was returned to the United States the same would be sold and plaintiff amply repaid for the monies advanced by her. It was found that defendant made other representations as alleged by plaintiff but that they were not fraudulently made ". . . at a time when said defendant had no intention of repaying the money paid by plaintiff." Judgment on the first cause of action was in accordance with the findings and in favor of defendant on the second cause of action.

In the findings referred to there is an implied finding that a reasonable time for a repayment of the money after defendant returned would be not less than 29 days, namely, February 7th to March 8, 1950, and also an implied finding that a reasonable time for payment elapsed after March 8, 1950, and prior to March 7, 1952, when the action was filed.

The first point of appellant is stated as follows: "Findings on first cause of action are in variance with allegations of first cause of action in complaint." There is no variance.

The second point is that the finding that defendant became indebted to plaintiff within two years last past is not supported by the evidence for the reason that all the money was received by defendant more than two years prior to the institution of the action. This finding is to be read with the finding that the money was to be repaid within a reasonable time after defendant returned from the Orient which, as the court found, was within two years prior to the commencement of the action. The findings were specific as to the

amounts and dates of the loans and when they were to be repaid, and they are sufficient to support the judgment on the first cause of action.

■ The next point is stated as follows: "It is also true that where there is an express contract the implied contract of assumpsit may not be relied upon." It is said that plaintiff proved that she would be amply repaid out of proceeds from the sale of merchandise and that having proved a special contract she could not recover in assumpsit. No transcript reference is given for any such testimony. The complaint alleged that defendant promised to sell the merchandise and pay the loans but it was not alleged that the loans were payable only out of the proceeds of sales.

■ Several times in his testimony as to his conversations with plaintiff when he was promoting the loans, defendant mentioned that he held out to plaintiff promises of a partnership interest in his business, when it materialized. Upon plaintiff's motion this testimony concerning a proposed partnership was stricken upon the ground that the answer did not allege the existence of a partnership in the enterprise. This ruling was not in error. By denying paragraphs III and IV of the first cause of action defendant denied the making of the loans and also the payment of $225 on account. By denying the allegations of paragraph III of the second cause of action defendant denied that plaintiff "furnished" to him $4,125 and denied that he had repaid any part of the amount. There was no allegation in the answer of a partnership or that the money had been received at all by defendant. The claim that defendant received the money, not for himself, but for a partnership consisting of plaintiff and himself was one of which plaintiff had been given no warning by the answer and which she would have had no reason to anticipate. The answer was not sufficient to permit proof of a partnership.

Section 437 of the Code of Civil Procedure reads in part: "The answer of the defendant shall contain: 1. A general or specific denial of the material allegations of the complaint controverted by the defendant. 2. A statement of any new matter constituting a defense or counterclaim." The complaint merely alleged the loan of money, which the answer denied. In order to prove her case plaintiff was not required to prove more than the making of the loan. Defendant under his denials could prove that he did not borrow the money. But the pleadings did not create an issue whether there was

some special contract or relationship between the parties that would have constituted a defense to the action. The claim of a partnership and the receipt of the money as a contribution to the partnership was new matter, which, not having been pleaded was not available as a defense to the action. If this were not true a defendant, under mere denials in an action for money loaned, could come up with all manner of claims of special agreements to defeat the action. Our system of pleading would not permit this. Matter which would not be brought into evidence in making proof of the loan alleged in the complaint was new matter. The claim that the money was contributed to a partnership of plaintiff and defendant was precisely the sort of "new matter constituting a defense" which the code differentiates from mere denials and which, if relied upon, must be pleaded.

The rule of pleading we have to apply was stated in the early case of *Bridges* v. *Paige,* 13 Cal. 640, 641, as follows: "Anything which shows that the plaintiff has not the right of recovery at all, or to the extent he claims, *on the case as he makes it,* may be given in evidence upon an issue joined by an allegation in the complaint, and its denial in the answer. Where, however, something is relied on by the defendant which is *not put in issue by the plaintiff,* then the defendant must set it up. That is new matter—that is, the defendant seeks to introduce into the case, a defense which is not disclosed by the pleadings." (Italics added.) As of the present day this is good law. It was said in *Bank of Paso Robles* v. *Blackburn,* 2 Cal.App. 146 [83 P. 262], that facts which constitute no part of the plaintiff's cause of action come clearly within the definition of "new matter." And again in *Shropshire* v. *Pickwick Stages,* 85 Cal.App. 216 [258 P. 1107], "new matter" was said to be something relied on by a defendant which is *not put* in issue by plaintiff.

Reason and fairness forbid a different rule. A plaintiff comes to court prepared to prove his case and to meet affirmative defenses pleaded in the answer. He could not be expected to meet special defenses which are not pleaded and has a right to be protected against them. Moreover, defendant was not hurt by the ruling. He was allowed to testify without objection that plaintiff was to receive half of the profits from his trip. And from a reading of his narration of the glib and expansive sales talks he gave plaintiff it is quite clear that his promises of a partnership, like his protestations of love, were merely part of an act put on by a Lothario in the

course of separating a confiding woman from her hard earned savings.

While defendant pleaded that the first cause of action was barred by the provisions of section 339, Code of Civil Procedure, he did not specify either subdivision 1 or 2 as required by section 458, Code of Civil Procedure. His application to amend by pleading subdivision 1 was denied. Plaintiff says the ruling was not an abuse of discretion citing *Wolters* v. *Thomas*, 3 Cal.Unrep. 843 [32 P. 565], *Overton* v. *White*, 18 Cal.App.2d 567 [64 P.2d 758, 65 P.2d 99], *Hart* v. *Slayman*, 30 Cal.App.2d 556 [86 P.2d 861], and *Davenport* v. *Stratton*, 24 Cal.2d 232 [149 P.2d 4]. Defendant cites the able and arresting opinion prepared by Mr. Justice pro tem. Patrosso in *Hopkins* v. *Hopkins*, 116 Cal.App.2d 174 [253 P.2d 723].

In view of the finding that the action was brought within two years after the debt became due, the statute, if properly pleaded, would not have furnished a good defense.

Defendant complains of the allowance of interest from the dates when the money was loaned, rather than from the date the debt fell due. There is no merit in the point. A promise to pay interest on the money was properly inferred from defendant's promise that plaintiff would be amply repaid for the use of her money.

Defendant was given a fair trial. His own testimony shows the imposition practiced upon plaintiff. The judgment is a just one and the appeal is frivolous.

The judgment is affirmed with $300 additional as damages for a frivolous appeal.

Wood (Parker), J., and Vallée, J., concurred.