[Civ. No. 26483.   Second Dist., Div. Three.   July 31, 1963.]

PAUL PETERS, Plaintiff and Appellant, v. PANAGIOTIS PAPOULACOS, Defendant and Respondent.

Stone, Moran & Anderson, Willard J. Stone, Donald F. Yokaitis and Walter P. Gribben for Plaintiff and Appellant.

P. Basil Lambros and Samuel Z. Winnikoff for Defendant and Respondent.

FORD, J.—In an action in which the plaintiff sought to recover the sum of $5,200.93 from the defendant, judgment was entered for the defendant. The plaintiff has appealed from the judgment.

The findings of fact are in part as follows: 1. On October 4, 1957, the plaintiff did not deposit or cause to be deposited in a savings and loan association in Pasadena in the name of the defendant the sum of $5,200.93, the property of the plaintiff, to be held in trust for the use and benefit of the plaintiff. 2. On or about August 4, 1957, the defendant deposited $5,200.93 with that association.[1] 3. On the date last mentioned, the defendant was a citizen of Greece residing in the United States pursuant to a student visa. He had married a citizen of the United States. He desired to go to Canada and then reenter the United States on a basis of entry other than that of a student. The plaintiff made a gift to the defendant of $5,200 so that he could show the immigration authorities that he had financial responsibility sufficient to permit such reentry. 4. There was no understanding between the parties that the defendant would at any time refund to the plaintiff the sum of $5,200.93. 5. The defendant is not indebted to the plaintiff with respect to that sum of money.

The plaintiff's case was based upon his testimony

---

[1] The defendant's testimony was, however, that he made the deposit in October 1957.

that the sum of money which he sought to recover was advanced to the defendant as a loan. Over the objection of the plaintiff, made on the ground that the answer contained no allegation that the money was a gift, the defendant testified that the sum of $5,200 had been sent to him by the plaintiff in August 1957 as a wedding present.[2] It is the plaintiff's contention that such evidence was not within the scope of the issues raised by the pleadings. He asserts that "the defense of gift constitutes 'new matter' " which, under the provisions of section 437 of the Code of Civil Procedure, must be pleaded in the answer. That contention is not tenable. To establish his case the plaintiff had to prove the making of a loan. Under his denial of the plaintiff's allegations of such a transaction, the defendant could offer proof that he did not borrow the money. (See *Jetty* v. *Craco*, 123 Cal.App.2d 876, 879 [267 P.2d 1055]; 58 C.J.S., Money Lent, § 6, p. 881.)

An argument similar to that of the plaintiff was found to be without merit in *Grable* v. *Henderson*, 49 Ohio App. 145 [195 N.E. 485]. Therein the court stated (195 N.E., at pp. 486-487): "Under the pleadings the issues were whether the defendant received the money from the plaintiff, and, if she did, whether she expressly promised to pay it back or whether the circumstances were such as to imply a promise on her part to do so. As to such issues, the burden of proof was clearly upon the plaintiff, who had alleged that the defendant received the money and promised to repay the same, and there was no burden upon the defendant, who had merely denied the allegations of plaintiff's petition. . . . She did not thereby [by testifying that the money was a gift] introduce a new issue in the case; she simply testified to that which disproved plaintiff's claim that she expressly or impliedly promised to repay the plaintiff. . . . Defendant's evidence of a gift tended to refute the claim of a loan made by the plaintiff, instead of admitting the loan and avoiding its force and effect, and therefore was admissible under the general denial." (See also 2 Witkin, Cal. Procedure, pp. 1524-1525; 2 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 1551.)

---

[2]The defendant's testimony was that the plaintiff sent him a check for $5,200 which he deposited in his New York bank account. There was evidence that he opened the Pasadena account by depositing $4,990.93 from the New York account, together with other funds in the amount of $210.

■ The plaintiff's second contention is expressed as follows: "A presumption of undue influence by defendant, as shown by testimony and evidence at the trial, constituted evidence and was not rebutted by defendant and therefore the finding of a gift .... was not supported by the evidence." The evidence upon which the plaintiff relies is that the defendant is the son of the plaintiff's cousin, that the plaintiff was defendant's sponsor with respect to his immigration to the United States in 1956, that the plaintiff had made loans to the defendant on previous occasions, and that the defendant had sent a letter from Greece to the plaintiff "with reference to defendant's reimbursing plaintiff for all of plaintiff's expenses from defendant." Attention is also directed to the testimony of the defendant that about June of 1957, while he was in New York, he sent a letter to the plaintiff in which he stated that the Immigration Service had told him that it would be "a good thing" if he had a bank account "with a higher balance." The defendant testified, however, that he did not ask for money. In August of 1957 he received a check for $5,200 from the plaintiff after his return from his honeymoon. It came with a card containing a congratulatory message. Thereafter the defendant and his wife resided for a time in the plaintiff's home in the Pasadena area.

The plaintiff was a surgeon. He had practiced medicine in Boston and New York and in the Army. He was licensed to practice in California. He was of an advanced age, being 87 years old when he testified at the trial, but there was no claim made that he was under any mental disability at the time of the transaction in question. ■ The governing law has been stated as follows: ". . . the solitary fact of family relationship will not of itself alone establish the existence of a fiduciary or confidential relation raising a presumption of undue influence. Whether or not such a relation exists between members of the same family depends on all the facts and circumstances of the case, and unless one party actually dominates the other so that the other depends on him for advice and guidance a confidential relation does not exist, even though the parties are closely related by family ties." (17 C.J.S. Contracts, § 183, p. 974; see *Stephenson* v. *Stephenson,* 247 Iowa 785 [74 N.W.2d 679, 684].)

■ The evidence in the present case falls far short of constituting a substantial showing that any confidential relationship existed between the parties upon which could

be rested a presumption that the transmission of the money was the result of undue influence exercised by the defendant. It is significant that no claim of that nature was asserted at the trial.

Another contention is expressed as follows: "The trial court finding that the transfer of $5,200.00 by plaintiff to defendant was a gift was not supported by any substantial evidence and also is contrary to probabilities." But, since a review of the evidence shows that the determination that the transaction was a gift rather than a loan has substantial support, that contention is untenable. ▆ This court is not free to disturb the findings of fact of the trial judge whose function it was to determine the credibility of the witnesses and the weight to be given to their testimony, and to resolve all factual conflicts in the evidence. (See *Ocheltree* v. *Ozsgyanyi,* 207 Cal.App.2d 344, 345 [24 Cal.Rptr. 241].)

▆ The plaintiff, who has impaired hearing, asserts that he was deprived of a fair trial because he was denied the right to sit in a place in the courtroom where he could hear the testimony of the defendant. He contends that he was thus prevented from aiding his counsel in the cross-examination of the defendant. But a fair reading of the record reveals no sound basis for that contention.

The first incident to which the plaintiff makes reference occurred during the cross-examination of the defendant. It was initiated by the court's solicitude for the plaintiff, as is revealed by the following excerpt from the record: "THE COURT: Can your client hear this testimony or not? MR. CONDON [counsel for the plaintiff]: Can you hear this testimony? DR. PETERS [the plaintiff]: No. MR. CONDON: Then come up here. DR. PETERS: I didn't hear anything. MR. CONDON: Q. Would you say again, sir, what was said on that card? A. It is 'Warm congratulations'—— THE COURT: I don't think he is listening now. MR. CONDON: Can you hear what he is saying, Doctor? DR. PETERS: No. THE COURT: I guess it is—— MR. CONDON: I will have him go near—— THE COURT: You can't do that. I don't think we can permit him. You will have to tell him later. Sit down again. MR. CONDON: Doctor, sit down here." In the absence of a more explicit indication in the record as to the particular spot in the courtroom from which the plaintiff was excluded, it cannot be said that there was any abuse of discretion on the part of the court in the conduct of the proceedings. (See

Code Civ. Proc., § 128.) Moreover, there is no record of any refusal by the court to permit plaintiff's counsel to discuss with his client, before proceeding with any particular phase of the trial, any testimony which the plaintiff had not adequately heard. The attitude of the court in this respect is illustrated by the second incident to which the plaintiff makes reference. That incident relates to an occasion when counsel for the plaintiff needed time in which to discuss the case with the plaintiff before proceeding further. The pertinent portion of the record is as follows: "THE COURT: Anything further, gentlemen? MR. CONDON [counsel for the plaintiff]: Yes, your Honor. I would like to call the plaintiff in rebuttal, but I am going to have trouble questioning him because he hasn't heard the testimony so far. THE COURT: We better take our recess until 1:45. MR. CONDON: Fine, your Honor. Thank you. (Whereupon at 12:00 o'clock noon the matter was recessed to 1:45 o'clock p. m. of the same day.)" Since the plaintiff's counsel was thus afforded ample opportunity to confer with his client with respect to the testimony theretofore given, no basis for a claim of error appears. The plaintiff has not shown that he suffered prejudice as a result of any action on the part of the court in the course of the trial.

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.