[Civ. No. 42832. Second Dist., Div. Five. Aug. 7, 1974.]

C. R. LEVER, Plaintiff and Appellant, v.
MIKE GAROOGIAN, Defendant and Respondent.

**COUNSEL**

Staitman & Snyder and Jack M. Staitman for Plaintiff and Appellant.

McGugin & Ryder and Hilton A. Ryder for Defendant and Respondent.

**OPINION**

**STEPHENS, J.**—Plaintiff (C. R. Lever) brought an action seeking recovery on a promissory note of $7,500. The case was tried by the court and judgment was rendered in favor of defendant (Mike Garoogian). Plaintiff appeals.

The superior court found the following facts to be true: Lever and Garoogian entered into a joint venture to purchase jewelry for resale. Lever was to contribute $7,500, and Garoogian, $7,000. On or about November 24, 1969, Lever delivered $7,500 to Garoogian. At the time

the money was handed over, Garoogian's signature was obtained on a note, the note, however, being represented to Garoogian as a receipt for the money given to him by Lever. Garoogian, acting as purchaser for the venture, turned over his as well as Lever's contribution to the proposed sellers, who absconded with the funds.

The sole issue on appeal is whether the evidence of fraud and misrepresentation adduced at trial was outside the scope of the pleadings and erroneously admitted by the trial judge over the objections raised by plaintiff.

Garoogian, who represented himself at trial without the assistance of counsel, pled a general denial to plaintiff's complaint on the note. No affirmative defenses were pled. The rule is well settled that evi-dence "cannot be used to establish an issue that the parties have not made in their pleadings." (*Trafton* v. *Youngblood,* 69 Cal.2d 17, 32 [69 Cal.Rptr. 568, 442 P.2d 648]; see also Witkin, Cal.Evidence (2d ed.) § 301.) What constitutes new matter which must be pled as an affirmative defense in order to be considered at trial was set forth in the early case of *Goddard* v. *Fulton,* 21 Cal. 430, 436, where the court stated: "If the answer, either directly or by necessary implication, admits the truth of all the essential allegations of the complaint which show a cause of action, but sets forth facts from which it results that, notwithstanding the truth of the allegations of the complaint, no cause of action existed in the plaintiff at the time the action was brought, those facts are new matter. But if those facts only show that some essential allegation of the complaint is not true, then such facts are not new matter, but only a traverse."

In the instant case, Garoogian demonstrated to the trial court's satisfaction that the nature of the paper which he had signed at Lever's in-sistence had been misrepresented to him to be a receipt rather than a promissory note. As such there was no mutual assent to a contract forma-tion. *Leo F. Piazza Paving Co.* v. *Bebek & Brkich,* 141 Cal.App.2d 226 [296 P.2d 368] is ample authority upon which to sustain the judgment rendered by the trial court. (See 3 Witkin, Cal. Procedure, Pleading, §§ 894-895, pp. 2488-2490.)

Plaintiff has placed particular reliance upon the case of *Jetty* v. *Craco,* 123 Cal.App.2d 876 [267 P.2d 1055], which plaintiff claims supports his contention that defendant's general denial did not raise the issue of fraud. Plaintiff is mistaken. *Jetty* is not a case in which the issue of fraud in the inception was at issue. A reading of the case shows that the question of fraud was strictly limited to fraud in the inducement. In *Jetty,* the plain-tiff loaned money to the defendant upon his promise of repayment and

eventual marriage. Neither promise was kept. Plaintiff brought suit on the debt and also sought relief based upon defendant's misrepresentations. Defendant attempted to show at trial that the monies were given to him by plaintiff in exchange for a partnership interest in a business that was supposed to materialize from defendant's use of the monies. Upon plaintiff's motion, the trial court ordered stricken all references to the claimed partnership. The Court of Appeal affirmed. The case provides no assistance for plaintiff. As noted by the court (at p. 879): ". . . By denying paragraphs III and IV of the first cause of action defendant denied the making of the loans and also the payment of $225 on account. By denying the allegations of paragraph III of the second cause of action defendant denied that plaintiff 'furnished' to him $4,125 and denied that he had repaid any part of the amount. There was no allegation in the answer of a partnership or that the money had been received at all by defendant. The claim that defendant received the money, not for himself, but for a partnership consisting of plaintiff and himself was one of which plaintiff had been given no warning by the answer and which she would have had no reason to anticipate. The answer was not sufficient to permit proof of a partnership."

In the only decision to cite *Jetty* on this particular point, the court in *Peters* v. *Papoulacos,* 218 Cal.App.2d 791, 793 [32 Cal.Rptr. 689] specifically noted: "To establish his case the plaintiff had to prove the making of a loan. Under his denial of the plaintiff's allegations of such a transaction, the defendant could offer proof that he did not borrow the money." By a parity of reasoning, a defendant under the instant circumstances (general denial in his answer) could certainly show that the purported loan was nonexistent.

■ Moreover, even were we of the opinion that by his answer defendant did not inject the issues of fraud and misrepresentation into the controversy, we would still affirm. Procedural defects which do not affect the substantial rights of the parties do not constitute reversible error. (Code Civ. Proc., § 475.) The trial court made a specific finding of fact that "While [the fact of fraud and misrepresentation] was not pled as an affirmative defense, [plaintiff[1]] had notice of it from answers to requests for admissions." We have augmented the record to include the answers relied upon by the trial court in making this finding. (Cal. Rules of Court, rule 12.) Examination of the answers supplied by defendant demonstrates that the substance of his entire defense to the action was made known to plain-

---

[1]The reference in the court's finding was to the "defendant." This was undoubtedly a clerical error. Placed in its proper context, the correct designation was "plaintiff."

tiff.[2] "While orderly procedure demands a reasonable enforcement of the rules of pleading, the basic principle of the code system in this state is that the administration of justice shall not be embarrassed by technicalities, strict rules of construction, or useless forms." (*Buxbom* v. *Smith,* 23 Cal.2d 535, 542 [145 P.2d 305].)

In the instant case the record fully supports the finding that plaintiff was apprised of the nature of defendant's defense to the action by way of answers to plaintiff's request for admissions. Plaintiff was not surprised by the defense put forth by defendant, nor can it be said that he was prejudiced by that fact.

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.

---

[2]Pursuant to Code of Civil Procedure section 2033, plaintiff set forth the following request for admissions from defendant: "1: The document, a copy of which is attached hereto marked Exhibit 'A' is a promissory note signed by yourself, promising to pay to the order of C. R. Lever the sum of $7500.00."

Defendant replied as follows: "In answer to request for admissions No. 1 admits that he signed the document marked Exhibit 'A' attached to the Request for admissions which said document is in the form of a promissory note, but denies that said document was intended to be a note, and denies there was any intention by the parties that MIKE GAROOGIAN pay plaintiff the sum of $7,500, or any sum at all, and in this connection states that he, the said MIKE GAROOGIAN, and the said C. R. LEVER each furnished the sum of $7,500 in a joint venture to purchase certain diamonds and jewelry and that said note was intended to be an acknowledgment only of that contribution of said sum of $7,500 by C. R. LEVER to said joint venture for the purposes of purchasing said items of property."